UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAI KANG,

                 Plaintiff,

        -against-

CITIBANK,

                 Defendant.

20-CV-6898 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

      Plaintiff filed this action *pro se* in August 2020, alleging that in 2016, the joint account holder had closed their Citibank account without notice to him. Plaintiff sought leave to proceed *in forma pauperis* (IFP) in this action, but his application was insufficient to show that he was unable to pay the filing fee. The Court therefore directed Plaintiff to file an amended IFP application or pay the filing fee. On August 31, 2020, Plaintiff filed an amended IFP application and an amended complaint. The Court concluded that Plaintiff's responses in the amended IFP application were insufficient to show that he was unable to pay the filing fee. The Court therefore denied Plaintiff's amended IFP application, and dismissed the amended complaint, without prejudice to Plaintiff's refiling it.

      More than three months after the Court dismissed this action, on September 22, 2020, Plaintiff moved to reconsider the order of dismissal. (ECF No. 9.) The Court liberally construes this submission as a motion, under Rule 60(b) of the Federal Rules of Civil Procedure, for relief from a judgment or order. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

# DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

# CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 9) is denied. Plaintiff has consented to electronic service. (ECF No. 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 13, 2021
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge